Annalize ROSA, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICES, Respondent.

No. 01–70539.

INS No. A70–019–119.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided July 25, 2002.

---

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Annalize Rosa appeals the Board of Immigration Appeals' order summarily dismissing her case on the grounds that she failed to file a brief despite indicating on the Notice of Appeal that she would do so. Rosa, a native and citizen of El Salvador, challenges the Immigration Judge's denial of her motion to reopen deportation proceedings. Because the facts are known to the parties, we will not recite them in detail except as necessary. We deny Rosa's petition for review.

Rosa argues that Section 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Title II of Pub.L. No. 105–100, 111 Stat. 2193 (1997), *amended by* Pub.L. No. 105–139, 111 Stat. 2644 (1997), created an opportunity for her to apply for a suspension of deportation despite the fact that she had been placed in exclusion proceedings. The INS responds that this court does not have jurisdiction to hear Rosa's appeal on the merits because she has failed to exhaust her administrative remedies.

We conclude that we do not have jurisdiction to consider the arguments Rosa made in her motion to reopen. Under the statute governing review of this case, "[a]n order of ... exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations ...." 8 U.S.C. § 1105a(c). By failing to perfect her appeal to the BIA, Rosa has failed to exhaust her administrative remedies. Ac-

cordingly, this panel does not have jurisdiction to consider Rosa's challenge to the IJ's denial of her motion to reopen. *See Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir.1987).

The INS further contends that Rosa has waived any argument that the BIA erred by summarily dismissing the appeal. We agree. By failing to challenge the BIA's summary dismissal in any way, Rosa has waived her right to argue that the summary dismissal was improper. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

PETITION FOR REVIEW DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.